1  Law Offices of
   **BONNETT, FAIRBOURN,**
2  **FRIEDMAN & BALINT, P.C.**
   2901 North Central Avenue
3  Suite 1000
   Phoenix, Arizona 85012-3311
4  (602) 274-1100
   Wendy J. Harrison (014461)
5  wharrison@bffb.com
   Ty D. Frankel (027179)
6  tfrankel@bffb.com

7

8

9              IN THE UNITED STATES DISTRICT COURT

10                   DISTRICT OF ARIZONA

11 | IVAN PENTCHEV IONTCHEV, on        | Case No. _____
    behalf of himself and all others similarly
12 | situated,                        | **COLLECTIVE ACTION AND CLASS
                                        ACTION COMPLAINT**
13 |            Plaintiff,
               v.                      | **[JURY TRIAL DEMANDED]**
14 |
    AAA CAB SERVICE, INC., an Arizona
15  Corporation, d/b/a AAA YELLOW CAB
    CO., H&M ENTERPRISES, INC., an
16  Arizona Corporation, YELLOW CAB
    CO., an Arizona Corporation; MIR
17  MASOOD SHAMSA and AHOU
    SHAMSA, husband and wife; HOSSEIN
18  DIBAZAR and LEILA DIBAZAR,
    husband and wife; JACK GILMET and
19  JANE DOE GILMET, husband and wife.

20 |            Defendants.

21

22         Plaintiff Ivan Pentchev Iontchev ("Plaintiff"), individually and on behalf of all

23  others similarly situated ("Class Members"), alleges the following for his Complaint

24  against AAA Cab Service, Inc., d/b/a AAA Yellow Cab, Co., H&M Enterprises, Inc.,

25  Yellow Cab Co., Mir Masood Shamsa, Ahou Shamsa, Hossein Dibazar, Leila Dibazar,

26  Jack Gilmet and Jane Doe Gilmet (collectively "Defendants" or "AAA Yellow Cab"):

27  / / / /

28

I.   NATURE OF THE CASE

1.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") and the Arizona Wage Statute, A.R.S. §§ 23-350 - 23-355; 23-363 - 23-364.

2.    This lawsuit is brought as a collective action under 29 U.S.C. § 216(b) to recover unpaid minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.  This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid minimum wage compensation and treble damages resulting from Defendants' violations of the Arizona Wage Statute.  For both collective and class action purposes, the proposed class consists of:

> Drivers who leased taxis from AAA Yellow Cab for the purpose of transporting passengers to and from Phoenix Sky Harbor Airport.

3.    For at least three years prior to the filing of this action (the "Liability Period"), Defendants have knowingly misclassified Plaintiff and Class Members as independent contractors and failed to pay them the statutorily required minimum wage.

II.   JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter and the parties hereto under 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5.    Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy.  This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Defendants employed Plaintiff in Maricopa County, Arizona; Defendants conduct business in that

1  county; and all or a substantial part of the events or omissions giving rise to the claims

2  occurred in this district.

3  ### III.   PARTIES

4      7.    At all relevant times, Plaintiff Ivan Pentchev Iontchev resided in Maricopa

5  County, Arizona.  From in or around 2003 to on or around November 1, 2011, Plaintiff

6  was a full time employee of Defendants.  Defendants hired Plaintiff as a taxicab driver;

7  Plaintiff was responsible for picking up passengers at the airport and driving them to their

8  destinations.

9      8.    As required by 29 U.S.C. § 216(b), Plaintiff's Consent to Become a Party

10  Plaintiff is attached as Exhibit A to this Complaint.

11      9.    Defendant AAA Cab Service, Inc. is an Arizona Corporation, authorized to

12  do business in Arizona.  AAA Cab Service, Inc. is a taxicab service that has a contract

13  with the City of Phoenix to operate taxicabs at Phoenix Sky Harbor International Airport.

14  It is responsible for having drivers at the airport at all times, in order to provide

15  transportation service to airport travelers.  AAA Cab Service, Inc. is an employer as

16  defined in 29 U.S.C. § 203(d).  Upon information and belief, AAA Cab Service, Inc. does

17  business as AAA Yellow Cab Co.

18      10.    Upon information and belief, H&M Enterprises, Inc., doing business as

19  Yellow Cab, is an Arizona Corporation affiliated with AAA Cab Service, Inc., authorized

20  to do business in Arizona.  Upon information and belief, H&M Enterprises, Inc., doing

21  business as Yellow Cab, is a taxicab service that has a contract with the City of Phoenix to

22  operate taxicabs at Phoenix Sky Harbor International Airport.  It is responsible for having

23  drivers at the airport at all times, in order to provide transportation service to airport

24  travelers.  H&M Enterprises, Inc., doing business as Yellow Cab, is an employer as

25  defined in 29 U.S.C. § 203(d).

26      11.    Defendants Mir Masood Shamsa and Ahou Shamsa are husband and wife.

27  They have caused events to take place giving rise to this complaint as to which their

28

1  marital community is fully liable.  Mir Masood Shamsa is the President and Director of
2  AAA Cab Service, Inc.  He is also the Vice President, Secretary and Director of H&M
3  Enterprises, Inc., doing business as Yellow Cab.

4      12.    Defendants Hossein Dibazar and Leila Dibazar are husband and wife.  They
5  have caused events to take place giving rise to this complaint as to which their marital
6  community is fully liable.  Hossein Dibazar is the Vice-President, Secretary and Director
7  of AAA Cab Service, Inc.  He is also the President, Treasurer and Director of H&M
8  Enterprises, Inc., doing business as Yellow Cab.

9      13.    Defendants Jack Gilmet and Jane Doe Gilmet are husband and wife.  Jane
10  Doe Gilmet is a fictitious name for Jack Gilmet's wife.  When her true name has been
11  ascertained, this Complaint shall be amended accordingly.  Jack Gilmet and Jane Doe
12  Gilmet have caused events to take place giving rise to this Complaint as to which their
13  marital community is fully liable.  Upon information and belief, Jack Gilmet is the
14  Director of Transportation of AAA Cab Service, Inc., which does business as AAA
15  Yellow Cab.

16      14.    Under the FLSA, Defendants Mir Masood Shamsa, Hossein Dibazar, and
17  Jack Gilmet are employers. The FLSA defines an "employer" as any individual who acts
18  directly or indirectly in the interest of an employer in relation to an employee.  Mir
19  Masood Shamsa and Hossein Dibazar, as President, Vice-President, Secretary, and
20  Director of AAA Cab Service, Inc., set policy with regards to the amount and manner of
21  compensation of the company's drivers.  They similarly set policy for H&M Enterprises,
22  Inc., doing business as Yellow Cab, in their respective roles as President, Treasurer,
23  Secretary, Vice-President, and Director. Jack Gilmet, as the Director of Transportation for
24  AAA Yellow Cab, directed the day to day labor of the drivers.  Thus, as persons who
25  acted in the interest of AAA Cab Service, Inc. and/or H&M Enterprises, Inc., doing
26  business as Yellow Cab, in relation to the Defendant companies' drivers, each are subject
27  to individual liability as employers under the FLSA.

28

-4-

15.     Plaintiff and Class Members were employees as defined in 29 U.S.C. § 203(e)(1), and were non-exempt employees under 29 U.S.C. § 213(a)(1) and 29 C.F.R. part 541.

### IV.     FACTUAL BACKGROUND

16.     Defendants hired Plaintiff in or around 2003 to work as a taxicab driver servicing the Phoenix Sky Harbor International Airport.  At that time, Plaintiff signed a contract with Defendants but was not given a copy thereof.

17.     Plaintiff paid Defendants $700-$840 per week to use one of Defendants' taxi cabs.  Plaintiff kept the fares he collected from the passengers.

18.     Defendants wrongly classified Plaintiff as an independent contractor and did not pay him wages to which he was entitled, including minimum wage.

19.     Defendants controlled Plaintiff's employment, and Plaintiff was dependent on Defendants for the passengers he carried and the fares he collected.

20.     As a driver, Plaintiff performed the core function of Defendants' taxi business.

21.     Upon being hired as a driver for Defendants, Plaintiff was required by Defendants to participate in training provided by Defendants.  Defendants trained Plaintiff regarding the rules and regulations at the airport.  Defendants also required Plaintiff to participate in on-the-road training with other drivers for Defendants, who trained Plaintiff regarding how to treat passengers in accordance with Defendants' policies and appropriate entry at the airport.

22.     The taxicabs were owned and insured by Defendants.  Plaintiff was assigned a particular cab, which he could share with another driver who had to be approved by Defendants.

23.     Plaintiff drove one of Defendants' taxicabs, which was required to carry the name and logo of the Defendant companies.

1     24.     Plaintiff was required by Defendants to pick up passengers at the airport
2  only; Plaintiff was prohibited by Defendants from picking up street passengers.

3     25.     Plaintiff was required by Defendants to accept credit card payments.

4     26.     Plaintiff was not individually licensed to drive taxicabs at the airport; he
5  could only receive a license through Defendants and with their approval.

6     27.     Defendants required Plaintiff to wear a collared shirt and close-toed shoes.
7  They required him to maintain a polite and courteous demeanor when dealing with
8  passengers.

9     28.     Defendant's contract with the City of Phoenix required that 85% of its
10  taxicab fleet be at the airport at all times.  In order to comply with this requirement,
11  Defendants often called Plaintiff and Class Members and required them to report directly
12  to the airport.

13     29.     Defendants required Plaintiff to pay the lease for his taxicab and perform
14  maintenance for the taxicab at Defendants' main office location in Phoenix, Arizona.

15     30.     Failure to comply with any of the requirements set forth by Defendants,
16  including but not limited to those mentioned above, resulted in a driver's discipline and/or
17  termination.

18     31.     Plaintiff's employment with Defendants ended in November 2011.
19  Defendants failed to pay Plaintiff all wages to which Plaintiff was entitled pursuant to the
20  FLSA and Arizona Wage Statute.

21     32.     Plaintiff routinely was paid less than the minimum wage during the period
22  he drove a taxicab for Defendants, making at times as little as approximately three dollars
23  per hour.

24          V.     COLLECTIVE ACTION ALLEGATIONS

25     33.     Defendants' illegal minimum wage practices were widespread with respect
26  to the proposed class.  The failure to pay minimum wage was not the result of random or
27  isolated individual management decisions or practices.     Defendants systematically

28

1   misclassified their drivers as "independent contractors" and forced them to work for well
2   below the minimum wage.

3       34.    Defendants' minimum wage practices were routine and consistent.
4   Throughout the Liability Period, drivers regularly did not earn enough to satisfy the
5   minimum wage requirements with management's knowledge and approval. Although the
6   issue of damages may involve individual calculations, whether Defendants' minimum
7   wage practices violated the FLSA is a central liability issue common to all Class
8   Members.

9                    **VI.    CLASS ACTION ALLEGATIONS**

10      35.    The state law claims under the Arizona Wage Statute are brought as a class
11  action under Federal Rules of Civil Procedure 23(a) and (b)(3). The class is defined in
12  paragraph 2 above.

13      36.    Throughout the Liability Period, Defendants have employed a large number
14  of drivers.    The class is therefore so numerous that joinder of all members is
15  impracticable.   Members of the class can readily be identified from business records
16  maintained by Defendants.

17      37.    Proof of Defendants' liability under the Arizona Wage Statute involves
18  factual and legal questions common to the class.   Whether Defendants paid Class
19  Members timely payment of wages and minimum wage as required by A.R.S. §§ 23-350 -
20  23-355 and 23-363 - 23-364 is a question common to all Class Members.

21      38.    Like Plaintiff, all Class Members worked without being timely paid the
22  statutorily required minimum hourly wage. Plaintiff's claim is therefore typical of the
23  claims of the class.

24      39.    Plaintiff has no interest antagonistic to those of other Class Members, and
25  has retained attorneys who are knowledgeable in wage and hour and class action litigation.
26  The interests of Class Members are therefore fairly and adequately protected.

27

28

40.     This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

41.     In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.   Arizona's Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources.   In addition, because the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the class to individually redress the wrongs done to them.

42.     Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class Members.  Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

## VII.   COUNT ONE

**(Failure to Pay Minimum Wage—Fair Labor Standards Act, 29 U.S.C. § 206)**

43.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44.     Plaintiff was a non-exempt employee entitled to the statutorily mandated minimum hourly wage.

45.     Defendants were an employer.

46.     Defendants frequently failed to pay federal minimum wage.

47.     Plaintiff and Class Members' total compensation divided by total hours worked was less than minimum wage.

48.     Defendants' failure to pay minimum wage to Plaintiff was willful. Defendants knew Plaintiff and others similarly situated were not earning an average hourly wage at least equal to the required minimum wage and had no reason to believe their failure to pay minimum wage was not a violation of the FLSA.

49.     Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VIII.   COUNT TWO

### (Failure to Pay Timely Wages Due – Arizona Wage Statute)

50.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

51.     Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. §§ 23-350 - 23-355.

52.     Defendants were aware that they were obligated to pay all wages due to Plaintiff.

53.     Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding wages.

54.     Defendants have willfully failed and refused to timely pay wages due to Plaintiff.  As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX.   COUNT THREE

### (Failure to Pay Minimum Wage -- Arizona Minimum Wage Law)

55.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

56.     Defendants were aware of their obligation to pay state minimum wages pursuant to A.R.S. § 23-363.

57.     Defendants failed to pay minimum wage as required by state law.

58.     Defendants have willfully failed to pay minimum wage due to Plaintiff.  As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

/ / / /

/ / / /

## IX.  REQUESTED RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays:

A.      For the Court to order the Defendants to file with this Court and furnish to Plaintiff's counsel a list of the names and addresses of all Defendants' employees from across the state of Arizona who currently work or have worked for Defendants as drivers at Phoenix Sky Harbor International Airport within the last three (3) years;

B.      For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former employees formerly or currently employed by the Defendants as drivers at Phoenix Sky Harbor International Airport during the three (3) years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt into this lawsuit if they did not timely receive minimum wage as required by the FLSA and the Arizona Wage Statute during the Liability Period;

C.      For the Court to declare and find that the Defendants committed one or more of the following acts:

i.      violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wage to Plaintiff and persons similarly situated who opt into this action;

ii.     willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206; and

iii.    willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff and those similarly situated, as well as willfully failing to pay them the state minimum wage pursuant to A.R.S. §§ 23-350 et seq. and 23-363 et seq.

D.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

E.     For the Court to award unpaid minimum wages, plus an additional amount equal to twice the unpaid wages pursuant to A.R.S. § 23-364, to be determined at trial;

F.     For the Court to award restitution;

G.     For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364 (G), and A.R.S. §§ 12-341 and 12-341.01;

H.     For the Court to award pre- and post-judgment interest;

I.     For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and,

J.     For such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


DATED:   February 6, 2012

                    BONNETT, FAIRBOURN, FRIEDMAN
                    & BALINT, P.C.


                    By___s/ Ty D. Frankel_____
                    Wendy J. Harrison
                    Ty D. Frankel
                    2901 N. Central Avenue, Suite 1000
                    Phoenix, Arizona 85012-3311
                    Telephone: 602-274-1100
                    Facsimile: 602-798-5860

                    Attorneys for Plaintiff